## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Randie Lee Grainger, | ) | |
| | ) | Civil Action No.: 8:22-cv-00354-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Agent Thomas E. Buckhannon IV, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 17, 2022. (ECF No. 17.) The Report recommends that the court summarily dismiss Plaintiff's Complaint (ECF No. 1) because Plaintiff's § 1983 claims are legally frivolous and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 17 at 5-9.)

For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 17 at 1-6.) Plaintiff claims that on November 26, 2021, South Carolina Department of Natural Resources Officer Buckhannon boarded and searched Plaintiff's boat, which was also his home and contained all his possessions. (ECF No. 1 at 2.) Claiming he found stolen goods on board, Officer Buckhannon impounded the boat and placed Plaintiff under arrest. (*Id*. at 3.) Though Plaintiff requested to see a warrant for the search and seizure of his boat, to date, it has never been produced. (*Id*. at 3, 5.) Plaintiff's boat was then towed to a private marina where, as of January 28, 2022, it had accrued thousands of dollars in

1

fees. (*Id*. at 5.) Eventually, Officer Buckhannon met with Plaintiff to discuss the sale and disposal of his boat, failing again to produce a search warrant when requested. (*Id*.) Plaintiff remained incarcerated in the Horry County Detention Center on several charges, including receiving stolen goods valued at more than $2,000 but less than $10,000, identity fraud, unlawful possession of a weapon and giving false information to law enforcement, stemming from the same arrest. *See* Horry County Fifteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Horry/PublicIndex/PISearch.aspx (search by case numbers 2021A2610202639, 2021A2610202642, 2021A2610202645, 2021A2610202640) (last visited June 15, 2022). Plaintiff eventually pleaded guilty to giving false information to law enforcement and receiving stolen goods, although the identity fraud and unlawful possession of a weapon charges were dismissed without indictment. *Id*. (search by case numbers 2021A2610202639, 2021A2610202642, 2021A2610202645, 2021A2610202640 and look under the "Sentencing" tab). He was sentenced to time served for the charges of which he was convicted and has since been released from custody. *Id*. Plaintiff claims that Officer Buckhannon violated his Fourth Amendment rights through the unlawful search and seizure of his boat-home, and demands release from incarceration, damages for the violation of his constitutional rights, as well as compensation for the loss of his property and exposure to COVID-19 while incarcerated. (ECF No. 1 at 10–11.)

The Magistrate Judge recommends summary dismissal of Plaintiff's false arrest and malicious prosecution claims pursuant to the rule articulated in *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "*habeas corpus* is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). At the time the Magistrate Judge issued the Report, Plaintiff had only pleaded guilty to the charge of giving false information to law

enforcement, while three charges remained pending. (ECF No. 17 at 6.) The Magistrate Judge explained that Plaintiff's plea of "guilty" to at least one charge arising from the same incident precludes him from establishing that the proceedings against him were "favorably terminated."[1] Plaintiff's constitutional claim for the loss of his property was similarly subject to dismissal because the "state provides meaningful post-deprivation procedures to secure the return of the property or to compensate for the loss." (ECF No. 17 at 8 (citing *Mora v. City of Gaithersburg*, 519 F.3d 216, 230-31 (4th Cir. 2008)).)

In the interim, Plaintiff pleaded guilty to the pending charge of receiving stolen goods while the other two charges—identity fraud and unlawful possession of a weapon—were dismissed without indictment. Plaintiff was informed of his right to file objections to the Report within fourteen (14) days from its date of service. (ECF No. 17 at 10.) To date, Plaintiff has not filed any objections.

---

[1] The Report justifies this conclusion through *Heck's* requirement that a § 1983 plaintiff prove the underlying "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." (ECF No. 17 at 7 (citing *Heck*, 512 U.S. at 481).) In the context of a malicious prosecution claim under § 1983, which requires Plaintiff to point to a "wrongful seizure and a termination in [his] favor of the proceedings following [his] seizure," *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009), this amounts to a showing that "the criminal prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022).

Where multiple charges have been leveled against a defendant, however, *Heck* does not require him to demonstrate the reversal of every charge to prevail on a § 1983 claim. *See, e.g., Uboh v. Reno*, 141 F.3d 1000, 1005 (11th Cir. 1998), *abrogated on other grounds by Nieves v. Bartlett*, 139 S. Ct. 1715, 1726 (2019) ("The fact that the allegations concerning drug trafficking were included alongside other charges for which [Plaintiff] ultimately *was* convicted does not alter our conclusion that the prosecutor's decision to dismiss the drug counts constituted favorable termination, particularly under the facts of this case.") (emphasis in original); *Hickson v. Stewart*, No. CV 4:15-2433-CMC, 2016 WL 1637466, at *4 (D.S.C. Apr. 26, 2016) (distinguishing cases where the plaintiffs were acquitted on at least one charge but found guilty on another, on the basis that "the charges were distinct enough to be considered separately for the purposes of the malicious prosecution action").

3

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The responsibility to make a final determination remains with the court.  *Id.* at 271.  As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made.  *See* 28 U.S.C. § 636(b)(1).  *See also* Fed. R. Civ. P. 72(b)(3).  In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  *See also Hardin v. United States*, No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012).  Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief."  *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).  Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which

a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, the fact of Plaintiff's conviction on two charges does not unilaterally bar a § 1983 remedy pursuant to *Heck*. Yet, Plaintiff's version of the facts does not support a cognizable claim for malicious prosecution. To prevail on this claim, Plaintiff must demonstrate that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). Even if the court presumes that the two charges which were dismissed without indictment can be considered separately and therefore terminated in Plaintiff's favor, the fact of Plaintiff's conviction on two other charges arising from the same incident and conduct effectively bars his argument that his seizure and arrest were "unsupported by probable cause." *See Anderson v. Roop*, No. 7:19CV00155, 2021 WL 667901, at *3 (W.D. Va. Feb. 19, 2021), *reconsideration denied*, No. 7:19-CV-00155, 2021 WL 2156413 (W.D. Va. May 27, 2021), and *aff'd*, No. 21-6866, 2021 WL 5917578 (4th Cir. Dec. 15, 2021) (holding that "conviction of a crime is dispositive as to whether there was probable cause for the seizure in question and bars a subsequent action for malicious prosecution," and rejecting the plaintiff's argument that his acquittal on nine (9) and conviction on thirty-one (31) charges in the forty (40) count indictment was evidence of lack of probable cause for his arrest.)

Plaintiff's pleas of guilty to receiving stolen goods and making false statements to law enforcement point to the existence of probable cause for his arrest and the search and seizure of his belongings. While it is not clear from Plaintiff's Complaint which charges he is contesting in this case, his argument centers on the search and seizure of his boat and his arrest after the officer found stolen goods on board. The charge of "identity fraud to obtain employment or avoid

detection by law enforcement"[2]—albeit dismissed without indictment—appears "intertwined" with the false statements Plaintiff admittedly made to law enforcement. *Hickson*, No. CV 4:15-2433-CMC, 2016 WL 1637466, at *5. The actions underlying these charges appear to be part of the "same course of conduct:" Plaintiff's possession of stolen goods and subsequent attempts to hinder the investigating officer's search by making false statements.[3] *See id.* (holding that the plaintiff's charges of failure to stop for a blue light and resisting arrest were directed at the officers attempting to investigate an incident and place her under arrest, and therefore were part of the same course of noncompliant conduct and "intertwined" in the context of her malicious prosecution claim) (citing *Kossler v. Crisanti*, 564 F.3d 181, 189 (3d Cir. 2009), *abrogated on other grounds by Thompson*, 142 S. Ct. 1332 (2022) (plaintiff's "acquittal on the aggravated assault and public intoxication charges cannot be divorced from his simultaneous conviction for disorderly conduct when all three charges arose from the same course of conduct.")).[4] At bottom,

---

[2] *See* Horry County Fifteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Horry/PublicIndex/PISearch.aspx (search by case number 2021A2610202642) (last visited June 15, 2022).

[3] While the charge of "sale or delivery of pistol to, and possession by, certain persons" could be unrelated to the other charges and arise from a different course of conduct, it is not mentioned in Plaintiff's Complaint. Indeed, the only charge to which Plaintiff even indirectly refers is the receipt of stolen goods— recounting that the officer "found some items and claimed they had been stolen." (ECF No. 1 at 3.) It appears the Complaint is largely grounded on this charge. Further, it is Plaintiff's burden to put forth facts to support any claim that the weapons charge was leveled without probable cause. Because Plaintiff has failed to meet his burden, the court agrees with the Report's recommendation of summary dismissal.

[4] The Supreme Court recently relaxed some circuit courts' requirement that a § 1983 malicious prosecution plaintiff satisfy the favorable termination requirement by presenting affirmative evidence of innocence *in addition to* a lack of conviction. *Thompson*, 142 S. Ct. 1332 (2022). Now, the Court requires only a showing that the prosecution ended without conviction. *Id*. at 1340. *Thompson* did not directly address proceedings involving multiple charges where some resulted in the plaintiff's conviction and others were dismissed. The court is not persuaded that the application of *Thompson* to such cases permits a § 1983 claim for malicious prosecution where

Plaintiff was found guilty of charges "which stemmed from the same conduct [he] disputes in [his] malicious prosecution claim." *Hickson*, No. CV 4:15-2433-CMC, 2016 WL 1637466, at *5. This court may not re-determine Plaintiff's guilt as charged. His conviction bars any claim that the underlying proceedings were terminated in his favor or that the search and seizure of his boat was without probable cause. Thus, the court discerns no clear error on the face of the record.

After a thorough review of the record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 15, 2022
Columbia, South Carolina

---

the charges are related and arise from the same course of conduct conceded by the plaintiff's guilty plea.